# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1732

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Jaime Vergara-Viernes, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 7, 2006
Filed: March 16, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jaime Vergara-Viernes (Vergara) appeals the 57-month sentence the district court[1] imposed upon his guilty plea to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a). Vergara's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). Counsel questions the reasonableness of the sentence, arguing that Vergara's cultural assimilation, his ineligibility for prison programs and early release, and the sentencing disparities created by the unavailability of an early-disposition program in the Southern District

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

of Iowa, see U.S.S.G. § 5K3.1, required a sentence below the advisory Sentencing Guidelines range.

We conclude the sentence is not unreasonable. See United States v. Haack, 403 F.3d 997, 1004 (8th Cir.) (standard of review), cert. denied, 126 S. Ct. 276 (2005). The district court calculated the Guidelines imprisonment range and took that range into account, along with other 18 U.S.C. § 3553(a) factors. See United States v. Booker, 543 U.S. 220, 260-62 (2005) (§ 3553(a) factors will guide appellate courts in determining whether sentence is unreasonable). Further, any sentence disparity arising from section 5K3.1 early-disposition programs does not make Vergara's sentence--which is otherwise reasonable--unreasonable. See United States v. Sebastian, No. 05-2002, 2006 WL 265507, at **2-3 (8th Cir. Feb. 6, 2006) (Congress and President, by directing that Sentencing Commission provide § 5K3.1 early-disposition programs in certain judicial districts, concluded that advantages stemming from such programs outweigh their disadvantages, and that any resulting disparity is not "unwarranted" for purposes of § 3553(a)(6); sentence disparities arising from § 5K3.1 program do not make otherwise reasonable sentence unreasonable).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____